UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
UNITED STATES                             :
                                          :   CASE NO. 1:94-CR-378
        Plaintiff,                        :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. Nos. 340, 341.]
SANFORD I. ATKIN                          :
                                          :
        Defendant.                        :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 18, 2009, Defendant Sanford I. Atkin filed a petition for a writ of *coram nobis*, [Doc. 340], as well as a motion for appointment of counsel, [Doc. 341.] In his petition, Atkin claims that he is actually innocent and that his convictions for obstruction of justice, causing the interstate transportation of money obtained by fraud, monetary transactions in criminally derived property, income tax evasion, and filing false tax returns were obtained through "creative lawyering and conspiracy on behalf of the [G]overnment prosecutors at [Atkin's expense] and in violation of sound statutory interpretation, fair warning principles, and basic goals and values of the criminal law." [Doc. 340-2 at 2.] On May 20, 2009, the United States filed a motion in opposition to Atkin's petition for a writ of *coram nobis*. [Doc. 342.]

For the following reasons, the Court **DENIES** Defendant Atkin's petition for a writ of *coram nobis* and his motion for appointment of counsel.

Case No. 1:94-CR-378
Gwin, J.

# I. Background

The Court incorporates its summary of this case's background from its order denying Defendant Atkin's motions to vacate and set aside the verdict and judgment and for appointment of counsel. [Docs. 337, 265.]

> In November 1994, a federal grand jury returned a twenty-nine count indictment against Defendant-Movant Atkin. The indictment charged Atkin with soliciting and receiving $550,000 from a defendant in a federal criminal trial by falsely representing that he would use the funds to bribe the federal judge presiding over the trial. The specific counts in the indictment ranged from obstruction of justice to income tax evasion.[1]
>
> In June 1995, a jury convicted Atkin on twenty-eight of the twenty-nine counts in the indictment.[2] Thereafter, Atkin began serving a sixty-three month prison sentence in federal prison.
>
> In September 1995, Atkin appealed his conviction to the United States Court of Appeals for the Sixth Circuit. In 1997, the Sixth Circuit affirmed Atkin's conviction.[3]

On February 12, 1998, Defendant Atkin petitioned the Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [Doc. 213.] The case was subsequently reassigned from Judge David D. Dowd, Jr. to this Court on October 13, 1999. [Doc. 257.] On January 7, 2000, this Court denied Atkin's § 2255 petition. [Docs. 264, 265.] Atkin's related appeals to the Sixth Circuit and United States Supreme Court were denied. [Docs. 253, 259, 262, 266, 276, 277 & 281.] On May

---

[1] Counts 1 and 2 charged Atkin with obstructing justice; Counts 3 through 9 charged Atkin with interstate transportation of property obtained by fraud; Counts 10 through 20 charged Atkin with engaging in monetary transactions with criminally derived funds; Count 21 charged Atkin with witness tampering; Counts 22 through 25 charged Atkin with income tax evasion; and Counts 26 through 29 charged Atkin with filing false income tax returns.

[2] Atkin was acquitted of witness tampering.

[3] *United States v. Atkin*, 107 F.3d 1213 (6th Cir. 1997) (affirming Atkin's conviction on direct appeal).

Case No. 1:94-CR-378
Gwin, J.

20, 2008, Atkin filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), as well as a motion for appointment of counsel. [Docs. 330, 331 & 334.] The Court denied both motions on July 23, 2008, [Doc. 337], characterizing Atkin's 60(b) motion as a second or successive petition for habeas relief and transferring the petition to the Sixth Circuit for that court's consideration, [Doc. 338.] On January 22, 2009, the Sixth Circuit denied Atkin's motion to file a second or successive habeas petition and denied as moot his motion for appointment of counsel. [Doc. 339.]

Having been released from prison after serving his sentence, Atkin now files a petition for a writ of *coram nobis*, as well as a motion for appointment of counsel. [Docs. 340, 341.]

## II. Legal Standard

The writ of error *coram nobis* is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope. *See, e.g., United States v. Norman*, 391 F.2d 212, 213 (6th Cir.), *cert. denied*, 390 U.S. 1014 (1968). Further, the writ of "*[c]oram nobis* is . . . used only to review errors of the most fundamental character – *e.g.,* errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citations omitted). To establish that he is entitled to relief pursuant to this writ, a petitioner must show "(1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* (citations omitted). The writ of *coram nobis* is only available when a § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer in custody. *See id.*

As applied to criminal cases, the writ of *coram nobis* is used to raise claims that were not apparent from the face of the record and, understandably, not raised at trial. *United States v. Keane*,

Case No. 1:94-CR-378
Gwin, J.

852 F.2d 199 (7th Cir. 1988), *cert. denied*, 490 U.S. 1084 (1989). "The writ of error *coram nobis* is limited to defects that sap the proceeding of any validity. It was and is not a device to relitigate issues fully ventilated at the time of the conviction." *Id.* at 203 (citations omitted); *see also Keener v. Ridenour*, 594 F.2d 581, 589 (6th Cir. 1979) ("Post-conviction collateral action, in the form of habeas corpus *coram nobis*, or under a unified statutory system of post-conviction relief, is intended to allow judicial review of fundamental issues not considered in a prior proceeding.").

Neither the Supreme Court nor the Sixth Circuit have decided "whether an ongoing civil disability is required for *coram nobis* relief," *Blanton v. United States*, 94 F.3d 227, 232 (6th Cir. 1996) (emphasis added), though a majority of the courts of appeals have held that *coram nobis* "petitioners are required to show that their allegedly wrongful conviction actually results in an ongoing civil disability." *Id.* at 233. To merit *coram nobis* relief, a civil disability must (1) cause a present (not speculative or past) harm; (2) arise out of the erroneous conviction; and (3) have the potential of causing more than incidental harm. *See United States v. Craig*, 907 F.2d 653, 658 (7th Cir. 1990) (footnote omitted), *amended on other grounds*, 919 F.2d 57 (7th Cir.), *cert. denied*, 500 U.S. 917 (1991). "Civil disabilities include the loss of the rights to vote, hold occupational licenses, or bear arms, and the imposition of enhanced penalties for future sentences." *Blanton*, 94 F.3d at 232; *see also Keane*, 852 F.2d at 203.

### III. Analysis

The Court denies Defendant Atkin's petition for *coram nobis*, as Atkin has failed to demonstrate the existence of a fact unknown at the time of trial of a fundamentally unjust character that probably would have altered the outcome of the trial if it had been known. Because Atkin's *coram nobis* petition has no merit, the Court also denies Atkin's motion for appointment of counsel.

Case No. 1:94-CR-378
Gwin, J.

In his petition, Atkin asks that the Court grant his request for a writ of *coram nobis* because "the Government intentionally withheld exculpatory evidence regarding [his] tax liability." [Doc. 340-4 at 3.] Atkin acknowledges, however, that he previously presented this argument to the Court in his Rule 60(b) motion, which the Court has already decided. As this issue has been considered in a prior proceeding, Atkin is not entitled to *coram nobis* relief on this basis.

Moreover, Atkin argues that recent Supreme Court decisions have altered the application of the statute pursuant to which Atkin was convicted of obstruction of justice. [*Id.* at 3-4.] Atkin does not identify these decisions, however. Further, even if the Court assumes that Atkin is correct, the existence of new case law does not warrant the issuance of a writ of *coram nobis*, as it does not constitute an error of *fact* unknown at the time of trial that may have altered the outcome of the trial.

Because Atkin cannot establish that he is entitled to *coram nobis* relief, the Court need not consider (nor would it have been required to consider) whether Atkin's convictions have resulted in a civil disability.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Atkin's petition for a writ of *coram nobis* and his motion for appointment of counsel.

IT IS SO ORDERED.


Dated: May 27, 2009                    s/        *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE